UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jacquelyn LeBleu, | § § § § | |
| Plaintiff, | § § | Case No. |
| v. | § § | |
| Walgreens , | § § | |
| Defendant. | § | Jury Trial Demanded |

# COMPLAINT

NOW COMES the Plaintiff Jacquelyn LeBleu, through her counsel, brings the following claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, against her former employer, Walgreens. In support thereof, Plaintiff states as follows:

## NATURE OF THE CASE

1. Plaintiff, a former employee of Defendant corporation, brings this action to redress violations of several workplace laws by the corporation during her employment. Chief among these was Defendant's willful refusal to pay the overtime rate for work performed in excess of 40 hours in a week. Plaintiff seeks her lost overtime wages, and all other damages available under the statutes authorizing her claims.

## JURISDICTION AND VENUE

2. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

3. This Honorable Court has supplemental jurisdiction over Plaintiff's claims sounding in the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article 111 of the United States Constitution.

4. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 139l(b), because the facts and events giving rise to Plaintiffs claims occurred in this judicial district.

## PARTIES

5. Plaintiff Jacquelyn LeBleau is an individual who was employed with the Defendant Walgreens from October 17, 2000 to October 19, 2015. Her job title was Pharmacy Technician.

6. Upon information and belief, Walgreens is a domestic corporation, incorporated under the laws of the state of Illinois. It does business out of a multitude of locations throughout the Northern District of Illinois, the State of Illinois, and the United States.

7. Defendant Walgreens is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(l), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(l)(A). On information and belief, Defendant Walgreens has annual gross sales of $500,000.00 or more.

## Background Facts

8. Plaintiff worked for Defendant as a full-time Pharmacy Technician for approximately 15 years.

9. When Plaintiff started work with Defendant Walgreens, the parties had an agreement that Plaintiff would be paid an hourly rate of $6.75 per hour worked; and would be paid 1.5 times her standard hourly rate for any hours worked over 40 in a single week.

10. Over the course of Plaintiff's employment, she received increases in her standard hourly rate, and at the time of her termination, was earning $18.00 per hour, and $27.00 for any hours worked over 40 in a single week.

11. During her employment, she worked out of several locations, including St. Charles, Sandwich, and Yorkville, Illinois.

12. Whenever a Walgreens location needed a prescription medication that it did not have, it would make a request to other locations to have it transferred. This was called an "innerstore".

13. Repeatedly over the course of her employment until the date of her termination, Plaintiff was tasked with carrying out these transfers by transporting

prescription medications between her home store location and other Walgreens locations.

14. Plaintiff transported the medications in her personal vehicle by driving to the various store locations.

15. Walgreens did not compensate Plaintiff for the time she worked transporting the medications between stores.

16. The time Plaintiff worked transporting the medications between stores would have caused her to exceed 40 hours of work in the weeks in which this occurred.

17. The time spent making a round-trip to and from the other Walgreens stores would vary based upon the home-store and the other locations at times of the transfers, but generally a round trip would range from 40 minutes up to 2 hours and 10 minutes.

18. Plaintiff was not the only employee who performed medication transfers without being paid for the time worked in doing so. Virtually every employee at the Walgreens locations Plaintiff worked at was called on, at one time or another, to do these transfers unpaid.

19. Upon information and belief this practice is carried on in the other Illinois Walgreens locations, as well as its locations across the country.

### COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

20. Plaintiff re-alleges and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

21. At all relevant time, Plaintiff was engaged in commerce and/or ther production of goods for commerce within the meaning of 29 U.S.C. §§203 (e) and 207 (a).

22. Under the FLSA, Plaintiff was entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each workweek.

23. Plaintiff worked in excess of forty (40) hours per week in the weeks she performed the unpaid prescription transfers.

24. Defendants did not compensate Plaintiff for all hours worked in excess of forty (40) hours.

25. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

26. Defendant failed to maintain accurate time records detailing all the hours worked for Plaintiff.

27. Defendant's violation of the FLSA have been willful and intentional, and thus the 3-year statute of limitations to Defendant's violations pursuant to 29 U.S.C. § 255 applies.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

i. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks;

ii. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

iii. Declare Defendant to be in violation of the FLSA;

iv. Enjoin Defendant from violating the FLSA;

v. Award reasonable attorneys' fees and costs; and

vi. Grant such additional or alternative re1ief as this Court deems just and proper.

### COUNT II – FAILURE TO PAY OVERTIME
### IN VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

28. Plaintiff re-alleges and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

29. At all relevant times, Plaintiff was an employee under the meaning of the Illinois Minimum Wage Law (the "IMWL") as she worked as a pharmacy technician for Defendant. 825 ILCS 105/3(d).

30. At all relevant times, Defendant was an employer under the meaning of the IMWL because it is a corporation employing more than one employee. 825 ILCS 105/3(c).

31. Plaintiff worked in excess of forty (40) hours per week in the weeks she performed the unpaid prescription transfers.

32. Defendants did not compensate Plaintiff for all hours worked in excess of forty (40) hours.

33. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the IMWL.

34. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the IMWL.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

    i.    Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

    ii.    Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

    iii.    Declare that Defendants have violated the IMWL;

    iv.    Enjoin Defendants from violating the IMWL;

    v.    Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    vi.    Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT III – FAILURE TO PAY WAGES AND FINAL COMPENSATION IN VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

35. Plaintiff re-alleges and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

36. Defendant is an "employer" within the meaning of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/2, because Walgreens is a corporation located in Illinois with more than one employee, and makes wage payments to employees.

37. At all relevant times, Plaintiff was an "employee" of Walgreens within the meaning of the IWPCA: she was an individual permitted to work by the employer in an occupation, and under the control and direction of Walgreens over the performance of her work.

38. Under Section 3 of the IWPCA, every employer is required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period. 820 ILCS 115/3.

39. The term "wages" is defined for the purposes of the IWPCA as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculation". 820 ILCS 115/2.

40. The term "final compensation" under the Act includes wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the separated employee by the employer pursuant to an employment contract or agreement between the two parties. 820 ILCS 115/2.

41. Final compensation must be paid to an employee on the date of separation, or no later than the next regularly scheduled payday. 820 ILCS 115/2.

42. Defendant has failed on numerous occasions over the course of Plaintiff's employment to pay her all wages in violation of its agreement with Plaintiff and various laws, and more specifically all overtime wages, earned during the relevant semi-monthly pay periods.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

  i. Enter a judgment in the amount of earned wages and final compensation due to Plaintiff as provided by the IWPCA;

ii. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 115/14;

iii. Declare that Defendants have violated the IWPCA;

iv. Enjoin Defendants from violating the IWPCA;

v. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

vi. Grant such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

    Respectfully Submitted,

    Jacquelyn LeBleu,

    By: /s/ Kevin F. O'Connor.
        Attorney for Plaintiff

Kevin F. O'Connor (ARDC# 6300449)
Heewon O'Connor (ARDC# 6306663)
Ryan O. Estes (ARDC # 6312755)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 312
Elmhurst, IL 60126
Tel. 630-903-6397
Fax. 630-658-0336
kevin@oconnor-oconnor.com
ryan@oconnor-oconnor.com